UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ROY EUGENE WHITTAKER,

      Petitioner,

v.                                   CASE NO. 8:14-cv-1712-T-23TBM

SECRETARY, Department of Corrections,

      Respondent.

_____/


**O R D E R**

     Whittaker applies for the writ of habeas corpus under 28 U.S.C. § 2254

(Doc. 1) and challenges the validity of his state conviction for possession of a firearm

by a convicted felon, armed burglary of a dwelling, and many other burglary and

theft offenses, for which he is imprisoned for twenty years under the terms of a plea

agreement.  Numerous exhibits ("Respondent's Exhibit __") support the response.

(Doc. 5)  The respondent correctly argues that the application is time-barred.

     The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a

Section 2254 application for the writ of habeas corpus.  "A 1-year period of limitation

shall apply to an application for a writ of habeas corpus by a person in custody

pursuant to the judgment of a State court.  The limitation period shall run from the

latest of . . . the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review . . . ."  28 U.S.C.

§ 2244(d)(1)(A).  Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The respondent correctly shows that more than one year elapsed during which Whittaker had no pending post-conviction proceeding that tolled the limitation. Whittaker agrees (Doc. 12 at 2) that his application is untimely unless afforded equitable tolling for the time he had no access to his legal papers.  To the contrary, the application is untimely by one day, even if the limitation is equitably tolled.

The applicable limitation is not jurisdictional, and, as a consequence, the one-year limitation established in Section 2244(d) "is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  The petitioner must meet both requirements, and he controls the first requirement — due diligence — but not the second requirement — extraordinary circumstances.  The failure to meet either requirement precludes equitable tolling.  Regarding the first requirement, a "petitioner's lack of diligence precludes equity's operation," 544 U.S. at 419, but "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"  *Holland*, 560 U.S. at 653 (internal

quotations and citations omitted).  To satisfy the second requirement, the petitioner must show extraordinary circumstances both beyond the petitioner's control and unavoidable even with diligence.  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Whittaker asserts entitlement to equitable tolling from November 25, 2013, until February 6, 2014, which is the time he was returned to the county jail from his imprisonment in the Department of Corrections ("DOC").  Whittaker attaches to his reply (Doc. 12) a letter from a DOC classification officer, which letter both confirms the dates that Whittaker was in "outside court" and represents that under DOC policy "the only property the inmate can take with him to outside court is his active legal work pertaining to the case he is being transported for."  Whittaker's Section 2254 application challenges his convictions from Manatee County. Whittaker was sent to "outside court" for criminal proceedings in Sarasota County. As a consequence, presumably Whittaker did not have access to his legal materials pertinent to the present application.  Nevertheless, *Paulcin v. McDonough*, 259 Fed. App'x 211, 213 (11th Cir. 2007), *cert. denied* 555 U.S. 1086 (2008), explains that Whittaker's circumstance does not qualify for equitable tolling:

> In *Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000), the movant argued for equitable tolling because (1) he was subjected to lockdowns in jail for several months, during which he could not access the law library, and (2) prison officials misplaced his legal papers for a period of time. After noting the movant had ample time to file his motion when these impediments did not exist, we declined to apply equitable tolling. *Id.* at 1090 (evaluating a § 2255 habeas motion). In *Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004), the

movant argued for equitable tolling because he was transferred to a different facility and detained there for over ten months without access to his legal papers. We stated "*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Id.* at 1283. In *Dodd*, the movant never claimed his detention was unconstitutional, inappropriate, or outside of routine practice, and we found that the circumstances were not extraordinary. *Id.* (evaluating a § 2255 habeas motion).

Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances. Paulcin failed to allege specifically or present evidence that his detention in county jail, due to pending criminal charges, was extraordinary or anything other than routine. Additionally, in the district court, Paulcin asserted only the conclusory allegation that he was denied access to the library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding. In fact, Paulcin filed an appeal of a denial of a Fla. R. 3.850 motion in state court during the time he had no access to his records or the law library. This fact belies the allegation that he was prevented from pursing legal redress during his time at the Santa Rosa County Jail. Because Paulcin failed to establish extraordinary circumstances, the district court did not err in not applying equitable tolling and dismissing his petition as time-barred.

*Paulcin*, *Akins*, and *Dodd* dictate that Whittaker's circumstance does not warrant equitable tolling because he must show that the "extraordinary circumstance" was the cause of his untimely filing even if he exercised due diligence.  An applicant "must also show a nexus between the extraordinary circumstance and the late filing of his federal habeas petitions, *see San Martin*, 633 F.3d at 1270–71,[*] and it is often the case that causation is more difficult for a petitioner to prove if an extraordinary

---

[*] *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir.), *cert. denied sub nom San Martin v. Tucker*, 132 S.Ct. 158 (2011).

- 4 -

circumstance occurs early in the statute of limitations period." *Bell v. Florida Atty. Gen.*, 461 Fed. App'x 843, 849 (11th Cir. 2012). *See also Fox v. McNeil*, 373 Fed. App'x 32, 34 (11th Cir. 2010) (stating that the petitioner must "establish a causal link between his claims of mental incompetence and the untimely filing of his federal habeas corpus petition."), *cert. denied*, ___ U.S. ___, 131 S. Ct. 1047 (2011).  See cases collected in *Harper v. Ercole*, 648 F.3d 132, 137 (2nd Cir. 2011) ("To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances.  He must further demonstrate that those circumstances caused him to miss the original filing deadline.").  Whittaker was returned to the DOC on February 6, 2014, more than five months before the one-year deadline.  The limitation deadline passed because Whittaker failed to exercise due diligence during those five months, not because he was without his legal papers during his temporary transfer to the county jail.

Accordingly, the application for the writ of habeas corpus is **DISMISSED** as time-barred.  The clerk must close this case.

**DENIAL OF BOTH
A CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Whittaker is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has

made a substantial showing of the denial of a constitutional right." To merit a COA,

Whittaker must show that reasonable jurists would find debatable both (1) the merits

of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C.

§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d

926, 935 (11th Cir 2001). Because the application is clearly time-barred and he is not

entitled to equitable tolling, Whittaker cannot meet *Slack*'s prejudice requirement.

529 U.S. at 484. Finally, because Whittaker is not entitled to a COA, he is not

entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in

forma pauperis* is **DENIED**. Whittaker must pay the full $505 appellate filing fee

unless the circuit court allows Whittaker to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 3, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE